IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BEAVER FRANK APPEL,<br><br>Defendant. | CR 12-76-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Defendant Beaver Frank Appel (Appel) has been accused of violating the conditions of his supervised release by failing to notify his probation officer of a change in residence, by failing to comply with his sex offender registration requirements, by failing to report for sex offender treatment, and by failing to report for chemical dependency treatment. Appel has admitted all of the alleged violations except one. Appel was unable to admit or deny whether he had failed to comply with his sex offender registration requirements. The government made no attempt to prove that Appel had failed to comply with his sex offender registration requirements. Appel's supervised release should be revoked. Appel should be placed in custody for 7 months, with no supervised release to follow.

## II.  Status

Appel Day pleaded guilty to Failing to Report as a Sex Offender on November 8, 2012.  (Doc. 19).  The Court sentenced Appel to 15 months of custody, followed by 5 years of supervised release.  (Doc. 32).  Appel's term of supervised release began on July 17, 2018.  (Doc. 80 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Appel's supervised release on January 8, 2019.  (Doc. 80).  The Petition alleged that Appel had violated the conditions of his supervised release by failing to notify his probation officer of a change in residence, by failing to comply with his sex offender registration requirements, by failing to report for sex offender treatment, and by failing to report for chemical dependency treatment.  United States District Brian M. Morris issued a warrant for Appel's arrest on January 8, 2019.  (Doc. 81).

**Initial appearance**

Appel appeared before the undersigned for his initial appearance on January 23, 2019.  (Doc. 83).  Appel was represented by counsel.  Appel stated that he had read the petition and that he understood the allegations.  Appel waived his right to a preliminary hearing.  The parties consented to proceed with the

revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 23, 2019. Appel admitted that he had violated the conditions of his supervised release by failing to notify his probation officer of a change in residence, by failing to report for sex offender treatment, and by failing to report for chemical dependency treatment. The violations are serious and warrant revocation of Appel's supervised release.

Appel's violations are Grade C violations. Appel's criminal history category is II. Appel's underlying offense is a Class C felony. Appel could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 20 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

Appel requested a term of custody of 6 months. The government requested a sentence at the high-end of the guideline range.

### III.  Analysis

Appel's supervised release should be revoked. Appel should be incarcerated for 7 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Appel that the above sentence would be recommended to Judge Morris. The Court also informed Appel of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Appel that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Appel stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before a United States district court judge.

The Court **FINDS:**

>That Beaver Frank Appel violated the conditions of his supervised release by failing to notify his probation officer of a change in residence, by failing to report for sex offender treatment, and by failing to report for chemical dependency treatment.

The Court **RECOMMENDS:**

>That the District Court revoke Appel's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of 7 months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

      DATED this 23rd day of January, 2019.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge